124

**Arthur DAHODA and Mary A. Dahoda,
Plaintiffs–Appellants,**

v.

**JOHN DEERE COMPANY and Deere
& Company, Defendants–
Appellees,**

**Switches, Inc., Defendant.**

**No. 06–0420–cv.**

United States Court of Appeals,
Second Circuit.

Feb. 9, 2007.

Marshall Richer (Andrew L. Spitz on the brief), Finkelstein & Partners, Newburgh, NY, for Appellants.

Harold J. Friedman, Friedman Gaythwaite Wolf & Leavitt, Portland, ME, for Appellees.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, LEONARD B. SAND,* District Judge.

## SUMMARY ORDER

Plaintiffs-appellants Arthur Dahoda and Mary A. Dahoda appeal the January 3, 2006, order of the United States District Court for the Northern District of New York (Munson, J.) dismissing plaintiffs' case as a sanction for spoliation of evidence. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review the District Court's dismissal of a case as a sanction for spoliation of evidence under the abuse of discretion standard. *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). Dismissal is a "drastic remedy" that "should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *Id.* (internal quotation marks omitted). Dismissal is appropriate if there is a showing of "willfulness, bad faith, or fault on the part of the sanctioned party." *Id.*

We conclude that the District Court abused its discretion in imposing the ultimate sanction of dismissal for the conduct at issue here. The facts presented here are far less egregious than the conduct at issue in *West*, in which this Court found dismissal would be a "Draconian" sanction. *Id.* In contrast to the plaintiff in *West*, who had sold key equipment relevant to the litigation one month before a scheduled inspection by the defendants, plaintiffs' expert here disconnected the Operator Presence Control ("OPC") switch in order to conduct testing on that switch; the switch itself is unaltered, intact, and available for testing; plaintiffs' expert took photographs of how the switch was connected prior to removal in an attempt to document how the connections were made; and plaintiffs never hid from defendant the fact that their expert had removed the switch as part of his testing. Although dismissal can be entered even absent a finding of bad faith or willfulness, *see Reilly v. Natwest Mkts. Group, Inc.*, 181 F.3d 253, 267 (2d Cir.1999) (noting that gross negligence constitutes showing of "fault" that could warrant sanction of dismissal), the degree of fault on the part of the plaintiff is a relevant consideration in fashioning an appropriate sanction, *see West*, 167 F.3d at 779. Plaintiffs' conduct here is not so egregious as to warrant the harshest sanction of summary dismissal.[1]

---

* The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.

1. We disagree with the District Court's conclusion that this case is similar to *Beers v. General Motors Corporation*, No. 97–CV–482, 1999 WL 325378 (N.D.N.Y. May 17, 1999). We note at least the following distinguishing features between this case and *Beers:* (1) the *Beers* court dismissed the plaintiff's case in part due to plaintiff's repeated and willful violations of numerous court orders, including false and misleading representations to both opposing counsel and the court, while in this case, no such conduct of that type is at issue; (2) the evidence in *Beers* was lost and therefore the defendant had no opportunity to examine it, while here, the OPC switch itself is intact and unaltered and defendants' experts have been able to perform testing and analysis on the switch; (3) a plausible basis existed for the defense the defendant was pursuing in *Beers* since it was confirmed by plaintiff's own expert's testing, while here, defendants' expert's testing would seem to contradict the causation theories defendants were apparently going to pursue; (4) in *Beers*, the part at issue was the evidence spoliated, while here, the part at issue—the OPC switch—is unaltered; and (5) in *Beers*, defendant's theory that prior damage to the flex fan caused the accident could not be pursued in any way since the flex fan was gone, while here any theory that prior damage to the OPC switch caused the malfunction can be pur-

Furthermore, we disagree that no lesser sanctions exist that would cure the potential prejudice to defendant. For example, we believe appropriate sanctions under the circumstances presented by this case might include a combination of: (1) precluding plaintiffs' expert from offering any testimony regarding any test he conducted of the lawn tractor before he removed the OPC switch; (2) precluding plaintiffs' expert from offering any testimony that the OPC switch was connected securely and properly prior to his removal; and (3) informing the jury of plaintiffs' conduct regarding the switch and defendants' alternate theories of causation, and instructing the jury that it is permitted to draw an adverse inference from plaintiffs' removal of the OPC switch if it concludes such an inference is warranted based on the evidence presented. We do not believe that harsher sanctions than this are appropriate for the conduct at issue here.

For the reasons set forth above, the judgment of the District Court is hereby **VACATED AND REMANDED.**

sued since the switch is available to be examined.